UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80158-CR-Ryskamp/Hopkins

UNITED STATES OF AMERICA,

v.

ANTHONY R. MASILOTTI,

Defendant.
_____/

FILED by ___ D.C.

AUG 24 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO VACATE FINAL ORDER OF FORFEITURE AND TO RETURN PROCEEDS THEREOF (DE 71)

**THIS CAUSE** has come before this Court upon an Order Referring Defendant's Motion to Vacate the Final Order of Forfeiture to the undersigned United States Magistrate Judge for a Report and Recommendation. (DE 75). The Government filed its response to the motion (DE 76) and Defendant has filed his reply (DE 77). The motion is now ripe for this Court's review.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The instant motion stems from Defendant's January 11, 2007 guilty plea to one count of a dual-object conspiracy to commit honest services fraud and to impede the administration of the Internal Revenue laws in violation of 18 U.S.C. § 371, 1346 and 26 U.S.C. § 7212. (DE 21). As part of his guilty plea, Defendant admitted that while acting in his capacity as Palm Beach County Commissioner, he used his position as an elected official to accumulate between seven and twenty million dollars ($7,000,000 - $20,000,000) in personal profits. (DE 21 at ¶ 7).

Pursuant to the plea agreement, Defendant forfeited his possession of certain assets and property, valued by the Government at approximately eight million dollars ($8,000,000). (DE 21 at ¶ 11, 13; DE 76 at page 3, n.3). Notably, Defendant also agreed to waive his right to challenge the forfeiture on appeal. (DE 21 at ¶ 14). On June 29, 2007, the District Court sentenced Defendant to sixty months of incarceration and also entered a final order of forfeiture. (DE 46, 47).

In accordance with his waiver in the plea agreement, Defendant did not pursue a direct appeal of the judgment of conviction. However, he did file a series of motions seeking post-conviction relief under 28 U.S.C. § 2241 and § 2255. These motions were rejected by the assigned magistrate judge, the District Court, and the Eleventh Circuit on appeal. *See Masilotti v. United States*, Case No. 10-CV-81137-Ryskamp and Case No. 09-CV-82293-Ryskamp.

With the instant motion, Defendant now makes another attempt at post-conviction relief by seeking to have the District Court's final order of forfeiture vacated based on Fed. R. Civ. P. 60(b)(5) and (6). (DE 71). In his current motion, Defendant contends that the forfeiture order violates the Excessive Fines Clause of the Eighth Amendment because (1) the amount forfeited was disproportionate to Defendant's culpability and (2) "[t]here were never any allegations" that the forfeited property was "an instrumentality that was used to facilitate a violation of the money laundering or tax evasion statutes." (DE 71 at pages 6-7).

Defendant's argument is based on two legal developments that have occurred since his conviction: (1) the Supreme Court's decision in *United States v. Skilling*, 130 S. Ct. 2896 (2010), which limited honest services fraud to those transactions involving bribery and kickbacks; and (2) the District Court's adoption of a Report and Recommendation (on one of Defendant's prior habeas petitions), which found that in light of the *Skilling* decision, one of the two schemes

underlying Defendant's guilty plea (known as "the Aggregates Scheme") could no longer sustain an honest services fraud conviction because there was no direct evidence that Defendant received kickbacks from the scheme. *See Masilotti v. United States*, No. 10-CV-81137-Ryskamp/Vitunac (DE 12, 16). Notwithstanding this finding, Defendant's petitions for post-conviction relief were denied because the Court found that there were alternative bases to support his conviction, namely, the remaining scheme (known as "the Diocese Scheme," for which Defendant received a $50,000.00 kickback) and Defendant's violation of the Internal Revenue laws.

Nevertheless, Defendant now contends that because his conviction is supported by just one scheme ("the Diocese Scheme"), for which he received only a $50,000.00 kickback, the forfeiture order should be amended to reflect this change of circumstances and the vast majority of the assets Defendant forfeited should be returned to him. (DE 71 at page 7).[1]

In its response, the Government contends that this Court does not have jurisdiction to consider this motion because Defendant cannot challenge a *criminal* forfeiture order under the Federal Rules of *Civil* Procedure. (DE 76 at page 11). According to the Government, orders of forfeiture are "part of the sentencing process following conviction" and, absent certain exceptions not applicable here, the Court lacks authority to modify a sentence once it has become final. (DE 76 at pages 11-12). As an alternative basis for rejecting Defendant's motion, the Government also points to Defendant's "knowing and voluntary waiver" of his right to challenge the forfeiture. (DE 76 at pages 13-15).

---

[1] Defendant claims that he forfeited assets and property valued in excess of $7 million, but that the Government is only entitled to $32,000.00 of that amount, representing his unreported income from the Diocese kickback scheme. (DE 71 at page 7).

## DISCUSSION

At the outset, it is evident that jurisdictional issues present the most significant hurdle to Defendant's motion to vacate the forfeiture order. Indeed, the Eleventh Circuit has specifically held that "a criminal defendant cannot challenge a *criminal* forfeiture order under the Federal Rules of *Civil* Procedure." *Manno v. United States*, 137 Fed. Appx. 245, 246 (11th Cir. 2005)(*citing United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998))(emphasis added). Thus, Defendant's attempt to vacate the District Court's order of forfeiture in his criminal case by using the Federal Rules of Civil Procedure must be rejected out of hand. *See United States v. Guerra*, 2011 WL 1743946 (11th Cir. May 6, 2011). Simply put, Rule 60(b) is clearly "inapplicable" in these circumstances and Defendant's motion for such relief "fails as a matter of law." *Manno*, 137 Fed. Appx. at 246. *See also United States v. Davis*, 151 Fed. Appx. 880 (11th Cir. 2005)("The Federal Rules of Civil Procedure 'govern the procedure in the United States district courts in all suits of a civil nature.' Although Rule 60(b) provides for relief from a final judgment, it does not provide for relief from judgment in a criminal case and, therefore, cannot be used to challenge criminal forfeiture orders.")(*quoting* Fed. R. Civ. P. 1).

In the alternative, Defendant asserts that this Court could use its inherent authority under the "doctrine of equitable jurisdiction" as a basis to adjust the forfeiture order. (DE 77). To support this proposition, Defendant relies upon *United States v. Dean*, 80 F.3d 1535 (11th Cir. 1996), wherein the Eleventh Circuit held that, prior to sentencing, the district court had authority to modify certain "unfair" civil forfeiture provisions in the plea agreement.

Given that the facts and procedural posture in *Dean* are entirely different from this case, where a criminal forfeiture is at issue and Defendant's sentence is final, the Court finds this

argument unpersuasive. *See United States v. Delgado,* 959 F. Supp. 1523, 1528 (S.D. Fla. 1997)(court found *Dean* was distinguishable and rejected defendant's reliance upon it).

Moreover, Defendant's position completely disregards the Eleventh Circuit's holding that outside of Fed. R. Crim. P. 35, "district courts do not have inherent authority to modify a defendant's sentence." *United States v. Robinson,* 2011 WL 723456, *3 (11th Cir. March 3, 2011)(*citing United States v. Diaz–Clark,* 292 F.3d 1310, 1315–19 (11th Cir. 2002)). Indeed, "aside from the specific parameters set forth by the federal statutory provisions controlling sentencing, as well as the Federal Rules of Criminal Procedure," a district court has no "inherent power" to modify or correct a sentence, even where the sentence is illegal. *Diaz-Clark,* 292 F.3d at 1315. *See also Ramos v. United States,* 2011 WL 1134253, *3 (S.D. Fla. March 4, 2011)(federal courts cannot use inherent authority as a basis to correct even an illegal sentence) (*R&R adopted by* 2011 WL 1134417 (S.D. Fla. March 28, 2011)).

Rather, it is well settled that district courts are statutorily limited to make any modifications "[w]ithin 14 days after sentencing." Fed. R. Crim. P. 35(a) (2011). The purpose of this "deadline [is] to promote the finality of sentences and enable the parties to appeal a sentence promptly." *United States v. Phillips,* 597 F.3d 1190, 1196 (11th Cir. 2010). Moreover, because the time limit in Rule 35(a) is jurisdictional, any modification of the sentence outside of this fourteen day time period is "an action taken without the requisite jurisdiction, and is a legal nullity," and could "only be upheld if [the court] had some 'inherent authority' to modify the sentence." *Diaz-Clark,* 292 F.3d at 1317. However, the Eleventh Circuit has "stressed that whatever the scope of a district court's inherent power, 'it does not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure.' " *Id.* at 1318

(*quoting Carlisle v. United States*, 517 U.S. 416, 426 (1996)). As the Supreme Court has noted, "federal courts have no more discretion to disregard the Rule's mandate than they do to disregard constitutional or statutory provisions." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254-55 (1988).

Based on the foregoing, there is no jurisdictional authority for this Court to recommend a modification of the District Court's forfeiture order. *See United States v. Guerra*, 391 Fed. Appx. 812, 815-16 (11th Cir. 2010)(where defendant "failed to identify a jurisdictional basis that would have permitted the court to modify her sentence," the Eleventh Circuit declined to consider her claims that her sentence was vindictive, and that the forfeiture order violated the Eighth Amendment).

## RECOMMENDATION TO THE DISTRICT COURT

Accordingly, this Court **RECOMMENDS** that the District Court **DENY** Defendant's Motion to Vacate the Final Order of Forfeiture. (DE 71).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kenneth L. Ryskamp, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* Statutory Time-Periods Technical Amendments Act of 2009, H.R. 1626, sec. 6, amending 28 U.S.C. § 636(b)(1) to provide that " . . . within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and

recommendations as provided by rules of court."). *See also* Fed. R. Civ. P. 72(b) (2009) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy.") Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** this 24 day of August, 2011 at West Palm Beach in the Southern District of Florida.

*/s/ James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:  Counsel of Record