UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80158-CR-Ryskamp/Hopkins

UNITED STATES OF AMERICA,

v.

ANTHONY R. MASILOTTI,

        Defendant.

_____/

## REPORT AND RECOMMENDATION REGARDING THIRD-PARTY CLAIMANTS' MOTION TO VACATE FINAL ORDER OF FORFEITURE AND TO RETURN PROCEEDS THEREOF (DE 80)

**THIS CAUSE** has come before this Court upon an Order Referring Claimants' Motion to Vacate the Final Order of Forfeiture to the undersigned United States Magistrate Judge for a Report and Recommendation. (DE 81). The Government filed its response to the motion (DE 88) and Claimants have filed their reply (DE 96). The motion is now ripe for this Court's review.

## BACKGROUND

The instant motion stems from Defendant's January 11, 2007 guilty plea to one count of a dual-object conspiracy to commit honest services fraud and to impede the administration of the Internal Revenue laws in violation of 18 U.S.C. § 371, 1346 and 26 U.S.C. § 7212. (DE 21). As part of his guilty plea, Defendant admitted that while acting in his capacity as Palm Beach County Commissioner, he used his position as an elected official to accumulate between seven and twenty million dollars ($7,000,000 - $20,000,000) in personal profits. (DE 21 at ¶ 7).

Pursuant to the plea agreement, Defendant forfeited his possession of certain assets and property, valued by the Government at approximately eight million dollars ($8,000,000). (DE 21 at ¶ 11, 13; DE 76 at page 3, n.3). Included in the agreed-upon forfeiture was property owned by Susan and Paul Masilotti ("the Claimants"), who now seek to have the Court set aside the Final Order of Forfeiture dated June 29, 2007 (DE 46, 47), and return to them certain property that they forfeited pursuant to that Order.

Claimants base their motion on arguments similar to those raised by Defendant in his motion to have the forfeiture order vacated. (DE 71). Specifically, Claimants contend that because of legal developments that have arisen since Defendant's conviction, "a portion of the factual basis upon which the forfeiture of [Claimants'] property was based" is no longer valid, and therefore, "the forfeiture cannot stand." (DE 80 at pages 3, 6).

## DISCUSSION

Third-party interests in criminally forfeited properties are governed by 21 U.S.C. § 853, which states:

> (1) Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct. The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.
>
> (2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate

the validity of his alleged interest in the property.

*Id.* § 853(n)(1), (2). Thus, interested third parties have a thirty-day window in which to assert an interest in criminally forfeited property. *Id.* "If no third party files a timely petition, the preliminary order becomes the final order of forfeiture . . . [o]nce the final order has been entered, neither the defendant nor a third party may object on the ground that the third party had an interest in the property;" at that point, "the United States obtains clear title to the property." *United States v. Marion*, 562 F.3d 1330, 1336-37 (11th Cir. 2009)(citations omitted). *See also* Fed. R. Crim. P. 32.2 Advisory Committee Notes (2000 Adoption)("if a third party has notice of the forfeiture but fails to file a timely claim, his or her interests are extinguished, and may not be recognized when the court enters the final order of forfeiture").

Here, the Final Order of Forfeiture, entered nearly five years ago, states:

> 3. Publication has been duly made in this matter. The time for filing any petitions has expired.
>
> 4. Susan Masilotti filed a consent to forfeiture to the property located in Martin County.
>
> 5. Paul Masilotti, individually, and as Beneficiary and Trustee of ARM Family Land Trust which trust is the sole member of Micco Eastern Holdings, LLC, signed a consent to forfeiture to the property located in Brevard County.
>
> 6. No petitioners have come forward within the time provided for in 21 U.S.C. § 853(n).

(DE 47).

Based on the foregoing, Claimants clearly had notice of the forfeiture and specifically consented to it. Indeed, in their motion, Claimants do not allege that they lacked notice or an ability to timely petition the Court. In light of these facts, this Court finds that Claimants have

forfeited their interests in the property. *See United States v. Grossman*, 501 F.3d 846, 848-49 (7th Cir. 2007)(third-party's petition filed five months after the party received notice of the preliminary forfeiture order was deemed untimely). Claimants have not provided any persuasive legal authority to support their argument that the final order of forfeiture should be vacated.

## RECOMMENDATION TO THE DISTRICT COURT

Accordingly, this Court **RECOMMENDS** that the District Court **DENY** Claimants' Motion to Vacate the Final Order of Forfeiture. (DE 80).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kenneth L. Ryskamp, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* Statutory Time-Periods Technical Amendments Act of 2009, H.R. 1626, sec. 6, amending 28 U.S.C. § 636(b)(1) to provide that " . . . within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). *See also* Fed. R. Civ. P. 72(b) (2009) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy.") Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S.

4

958 (1988); *RTC v. Hallmark Builders, Inc*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** this 5 day of January, 2012 at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to: Counsel of Record